IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LINDA DOLLISON, SHARRON DOLLISON, CARL DOLLISON, LORI DOLLISON, JUDY WESTBROOK, MELBA POTOCHNIK, STEVEN GALLAGHER, DONNA GALLAGHER,<br><br>Petitioners,<br><br>v.<br><br>ANTERO RESOURCES CORPORATION, SWN PRODUCTION, LLC,<br><br>Respondents. | 2:24-CV-01494-CCW |

**OPINION AND ORDER**

Before the Court is a Motion to Dismiss filed by Respondents Antero Resources Corporation and SWN Production, LLC, pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. ECF No. 26. For the reasons set forth below, the Court will grant the Respondents' Motion.

**I.  Background**

This case arises from a dispute between the Petitioners—landowners Linda Dollison, Sharron Dollison, Carl Dollison, Lori Dollison, Judy Westbrook, Melba Potochnik, Steven Gallagher, and Donna Gallagher—and Respondents Antero Resources Corporation and SWN Production, LLC regarding certain mineral leases to which Petitioners and Respondents are parties (the "Leases"). *See* ECF No. 7. The Leases contain an arbitration clause that reads as follows:

> In the event of a disagreement between Lessor and Lessee concerning this Lease or the associated Order of Payment, performance thereunder, or damages caused by Lessee's operations, the resolution of all such disputes shall be determined by arbitration in accordance with the rules of the American Arbitration Association. Arbitration shall be the exclusive remedy and cover all disputes, including but not

limited to, the formation, execution, validity and performance of the Lease and Order of Payment. All fees and costs associated with the arbitration shall be borne equally by Lessor and Lessee.

*Id.* at 12. In July of 2011, each of the Petitioners signed an addendum to their Lease (the "Addendum"). *Id.* at 15. The Addendum states that "[i]n the event of a conflict between the terms of [the Addendum] and the terms of [the Lease], the terms of [the Addendum] shall control." *Id.* The Addendum also contained a new arbitration clause providing that:

Any questions concerning this Lease or performance hereunder shall be ascertained and determined by Three (3) disinterested arbitrators, One (1) thereof to be appointed by Lessor, One (1) by Lessee and third by the Two (2) so appointed as aforesaid and the award of such collective group shall be final and conclusive. Arbitration proceedings hereunder shall be conducted at the county seat or the county where the Lease is filed, or in the county where the action occurred which caused the arbitration, or such other place as the parties to such arbitration shall all mutually agree upon. Each party will pay its own arbitrator and share the costs of the third arbitrator equally.

*Id.* at 18–19.

At some point, a dispute arose amongst the parties regarding royalty payments due to Petitioners under the Leases.[1] *See* ECF No. 7; ECF No. 26-1 ¶ 4. On July 8, 2024, Petitioners filed a demand for arbitration with the American Arbitration Association ("AAA"). ECF No. 26 at 7–8; ECF No. 26-1 ¶ 4. While Petitioners recognize that the arbitration clause in the Lease "call[ed] for the utilization of the [AAA]," they believe that the "only enforceable arbitration clause" is in the Addendum, which did not require the use of the AAA. ECF No. 35 at 4. Thus, Petitioners claim they only filed an arbitration demand with the AAA because Respondents would not agree to arbitrate otherwise. ECF No. 7 ¶ 18. In any event, the parties proceeded with

---

[1] The Petition to Compel Arbitration does not clearly identify the nature of the parties' underlying dispute or when it arose. *See* ECF No. 7. However, as discussed further below, because Respondents present a factual attack to subject matter jurisdiction, the Court may consider Respondents' evidentiary submissions in resolving their jurisdictional challenge. Antero Resource's counsel has provided a sworn declaration in which she avers that the parties' dispute relates to royalty payments, and Petitioners have not contested that characterization. ECF No. 26-1 ¶ 4.

2

arbitration before the AAA by each selecting an arbitrator to serve on the arbitration panel. Petitioners selected Timothy Pettorini.  ECF No. 26-1 ¶ 6;  ECF No. 26-2.  Respondents formally objected to Petitioner's selection of Mr. Pettorini as an arbitrator "on the grounds that Mr. Pettorini was partial based on current and historical adverse relationships between Mr. Pettorini and Respondents and Mr. Pettorini's law firm and Respondents."  ECF No. 26-1 ¶ 8.  Petitioners responded to that objection by arguing that Mr. Pettorini "was only required to be 'disinterested,'" not "impartial," under the arbitration procedure set forth in the Addendum.  *Id.* ¶ 9.  While the AAA initially moved forward with Mr. Pettorini as an arbitrator, Respondents later re-asserted their objection regarding his lack of impartiality, and ultimately "the AAA removed Mr. Pettorini as arbitrator and requested that Petitioners designate an alternate neutral arbitrator."  *Id.* ¶¶ 10–15; ECF Nos. 26-4–26-9.

In response, Petitioners filed their Petition to Compel Arbitration in this Court pursuant to the Federal Arbitration Act ("FAA"), 9 U.S.C. § 4.[2]  ECF No. 7.  The Petition alleges that Petitioners "withdraw their consent to using the AAA, and demand that the [Respondents] abide by the clear language contained in the [Addendum], which does not require utilizing the AAA." *Id.* ¶ 23.  In sum, Petitioners want to back out of the ongoing AAA proceeding[3] and compel Respondents to arbitrate using some other, non-AAA procedure.  Respondents have filed a Motion

---

[2] The Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332 because the parties are citizens of different states and the amount in controversy exceeds $75,000.  *See PaineWebber Inc. v. Faragalli*, 61 F.3d 1063, 1066 (3d Cir. 1995), *abrogated on other grounds by Morgan v. Sundance, Inc.*, 596 U.S. 411 (2022) (noting that the FAA "gives federal courts the authority to compel arbitration, but does not in itself confer independent federal question jurisdiction").

[3] After Respondents filed the instant Motion to Dismiss, the Petitioners filed a Motion to Stay the AAA arbitration proceeding.  ECF No. 27.  While the Motion to Stay was pending, Petitioners informed the Court that AAA was requiring the Petitioners to select a new arbitrator by a date certain, and that if they failed to do so, AAA would appoint one for them.  ECF No. 39.  Accordingly, Petitioners requested expedited review of their Motion to Stay.  *Id.*  The Court denied that request.  ECF No. 43.  Because the deadline to select a new arbitrator in the AAA proceeding has passed, the Court presumes that either the Petitioners or the AAA selected a new arbitrator, and the AAA proceeding remains ongoing.

to Dismiss the Petition pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. ECF No. 26. The Motion is fully briefed and ripe for resolution. ECF Nos. 26, 35, 36.

## II.   Legal Standard

"A challenge to subject matter jurisdiction under Rule 12(b)(1) may be either a facial or a factual attack." *Davis v. Wells Fargo*, 824 F.3d 333, 346 (3d Cir. 2016). A facial challenge contests subject matter jurisdiction without contesting the facts alleged in the complaint, whereas a factual challenge "attacks the factual allegations underlying the complaint's assertion of jurisdiction, either through the filing of an answer or 'otherwise present[ing] competing facts.'" *Id.* (quoting *Constitution Party of Pa. v. Aichele*, 757 F.3d 347, 358 (3d Cir. 2014)). "In sum, a facial attack 'contests the sufficiency of the pleadings' . . . 'whereas a factual attack concerns the actual failure of a [plaintiff's] claims to comport [factually] with the jurisdictional prerequisites.'" *Constitution Party*, 757 F.3d at 358 (citations omitted).

Here, the Respondents present a factual challenge to subject matter jurisdiction because they introduce information from outside the pleadings to argue that they have not refused to arbitrate the underlying dispute, and therefore Petitioners lack standing to compel arbitration under § 4 of the FAA. *See* ECF No. 26; *ACE Am. Ins. Co. v. Guerriero*, 738 F. App'x 72, 76 (3d Cir. 2018) ("Because Guerriero argues that he did not actually refuse to arbitrate . . . we are faced with a factual challenge to ACE's standing to sue under Article III of the Constitution."). Specifically, Respondents have submitted a Declaration from Antero Resources' counsel, Stephanie L. Noble, as well as supporting exhibits that purport to show that Respondents have not refused to arbitrate. ECF Nos. 26-1–26-9. As such, in ruling on the Respondents' Motion to Dismiss, the Court "does not attach a presumption of truthfulness to the [Petitioners'] allegations" and "must weigh the evidence relating to jurisdiction, [including] affidavits, documents, and even limited evidentiary hearings to make the jurisdictional determination." *McCluskey v. United States*, No. CIV.A. 10-

694, 2010 WL 4024717, at *3 (W.D. Pa. Oct. 12, 2010) (Fischer, J.) (citing *Atkinson v. Pa. Shipbuilding Co.*, 473 F.3d 506, 514 (3d Cir.2007)).

III. **Legal Analysis**

Petitioners seek to compel Respondents to arbitration pursuant to the FAA, 9 U.S.C. § 4. ECF No. 7. In relevant part, that statute provides:

> A party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration may petition any United States district court which, save for such agreement, would have jurisdiction under title 28, in a civil action or in admiralty of the subject matter of a suit arising out of the controversy between the parties, for an order directing that such arbitration proceed in the manner provided for in such agreement.

9 U.S.C. § 4. "[B]efore compelling arbitration pursuant to the Federal Arbitration Act, a court must determine that (1) a valid agreement to arbitrate exists, and (2) the particular dispute falls within the scope of that agreement." *Kirleis v. Dickie, McCamey & Chilcote, P.C.*, 560 F.3d 156, 160 (3d Cir. 2009). Here, Respondents do not contest that there is a valid agreement to arbitrate or that the royalty dispute at issue falls within the scope of that agreement.[4] *See generally* ECF Nos. 26, 36. Respondents do, however, argue that Petitioners do not have standing to compel arbitration under the FAA because Respondents have not refused to arbitrate. *Id.*

The United States Court of Appeals for the Third Circuit has held that "an action to compel arbitration under the [FAA] accrues only when the respondent unequivocally refuses to arbitrate, either by failing to comply with an arbitration demand or by otherwise unambiguously manifesting an intention not to arbitrate the subject matter of the dispute." *PaineWebber Inc. v. Faragalli*, 61 F.3d 1063, 1066 (3d Cir. 1995), *abrogated on other grounds by Morgan v. Sundance, Inc.*, 596

---

[4] While Respondents do contest whether the arbitration clause in the Addendum entirely superseded the arbitration clause in the Leases, ECF No. 36 at 2–4, for the reasons discussed below, the Court finds the parties' dispute on that front immaterial.

U.S. 411 (2022); *see also Guerriero*, 738 F. App'x at 76 (finding refusal to arbitrate where respondent presented petitioner with a draft complaint, communicated through counsel an intention not to arbitrate, and ultimately initiated litigation). This is because "until an adverse party has refused to arbitrate a dispute putatively governed by a contractual arbitration clause, no breach of contract has occurred, no dispute over whether to arbitrate has arisen, and no harm has befallen the petitioner—hence, the petitioner cannot claim to be 'aggrieved' under the FAA." *PaineWebber*, 61 F.3d at 1067. Thus, "it is doubtful that a petition to compel arbitration filed before the 'adverse' party has refused arbitration would present an Article III court with a justiciable case or controversy." *Id.*

Here, Respondents argue that because the parties are actively arbitrating before the AAA, Petitioners cannot show that the Respondents have unequivocally refused to arbitrate, and Petitioners therefore have no standing to compel arbitration under the FAA. ECF No. 26 at 10–15. Petitioners respond that Respondents refuse to "abide by the mandated procedure in the [A]ddendum, which does not involve AAA." ECF No. 35 at 4. In Petitioners' view, the arbitration procedure in the Leases, which required AAA arbitration, is "null and void" in light of the Addendum, and Petitioners are free to back out of the AAA arbitration that they initiated and insist on compliance with the arbitration procedure in the Addendum because their "voluntary agreement to use the AAA [was] not supported by any consideration." *Id.* at 4–5. Respondents counter that the arbitration clause in the Leases was not rendered a nullity because the Addendum only controls to the extent it conflicts with the Leases, and there is no such conflict. ECF No. 36 at 2–4.

In the Court's view, the extent to which the arbitration clause in the Addendum supersedes the one in the Leases is beside the point. This is because Petitioners' contention that the arbitration clause in the Addendum "requires the [Respondents] to Arbitrate [sic] the dispute . . .

without the involvement of the AAA," ECF No. 7 ¶ 22, is not supported by the plain language of the clause itself. Contrary to the Petitioners' assertion, the arbitration clause in the Addendum does not foreclose the use of the AAA. *Id.* at 18–19. Rather, it only requires that any dispute be resolved by three disinterested arbitrators and provides a procedure for selecting those arbitrators. *Id.* So, even if the Petitioners are correct that the terms of the arbitration clause in the Addendum fully superseded the arbitration clause in the Leases—which the Court does not decide—the parties' participation in arbitration before the AAA would not necessarily be improper under the Addendum.

Here, Respondents have presented evidence demonstrating their full and continued participation in the ongoing AAA arbitration proceeding that the Petitioners themselves initiated. *See generally* ECF No. 26-1–26-9. Petitioners are therefore not "aggrieved" by Respondents' refusal to arbitrate. Rather, what Petitioners are aggrieved by is the AAA's decision to sustain Respondent's objection to the selection of Petitioner's preferred arbitrator, Mr. Pettorini. ECF No. 26-1 ¶¶ 10–15; ECF Nos. 26-8, 26-9. Indeed, it was only one week after the AAA instructed Petitioners to select a different arbitrator that Petitioners filed the instant case seeking to back out of the AAA arbitration that *they themselves initiated*. ECF No. 26-1 ¶¶ 15–16. "The fact that respondents raised before the AAA an objection to petitioner's [selection of an arbitrator]—and the fact that the AAA agreed with that objection—does not constitute a 'refusal to arbitrate' on the part of respondents." *Jacobs v. USA Track & Field*, 374 F.3d 85, 89 (2d Cir. 2004) (citing *PaineWebber*, 61 F.3d at 1067).

Because Respondents have not unequivocally refused to arbitrate, and in fact are actively participating in an arbitration proceeding with Petitioners, Petitioners lack standing to compel arbitration under the FAA. *See PaineWebber*, 61 F.3d at 1066–67. Accordingly, the Court will

grant the Respondents' Motion and dismiss the Petition without prejudice for lack of subject matter jurisdiction. *See Potter v. Cozen & O'Connor*, 46 F.4th 148, 154 (3d Cir. 2022) (stating that Article III standing is jurisdictional); *Onyiuke v. New Jersey*, 242 F. App'x 794, 797 (3d Cir. 2007) (citing *In re Orthopedic "Bone Screw" Prods. Liab. Litig.*, 132 F.3d 152, 155 (3d Cir. 1997) ("[A] dismissal of an action for lack of subject matter jurisdiction is not a decision on the merits; therefore such a dismissal should be without prejudice.").

### IV. Conclusion

For the foregoing reasons, **IT IS HEREBY ORDERED** that Respondents' Motion to Dismiss, ECF No. 26, is **GRANTED**, and this case is **DISMISSED WITHOUT PREJUDICE**.

DATED this 27th day of August, 2025.

BY THE COURT:

/s/ Christy Criswell Wiegand
CHRISTY CRISWELL WIEGAND
United States District Judge

cc (via ECF email notification):

All Counsel of Record